# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00113-CV

---

**Marlonia Ivy, Appellant**

**v.**

**Victor Garcia and Wanda Garcia, Appellees**

---

### FROM COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
### NO. 17-1299-CC2-4, THE HONORABLE JOHN MCMASTER, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellees Victor Garcia and Wanda Garcia have filed a motion to dismiss this appeal. Appellant Marlonia Ivy filed a notice of appeal on February 11, 2020. Although the initial notice of appeal states that Ivy appeals "from the final judgment rendered on January 16, 2020," the trial court's order, titled "Partial Summary Judgment," reflects that the trial court signed it on January 30, 2020, after hearing the Garcias' summary-judgment motion on January 3, 2020, and January 16, 2020.[1] In their motion to dismiss, the Garcias assert that we lack jurisdiction over the appeal because the January 30, 2020 order is not a final judgment. In addition to being titled "Partial Summary Judgment," the order explicitly states that "the Court is not ruling on Defendants' request for additional attorney's fees at this time, without prejudice to Defendants'

---

[1] Ivy subsequently amended her notice of appeal. Her latest-filed notice of appeal indicates that she desires to appeal "from the summary judgment, court denial of a duplicate unaltered timestamp master copy of the reporter's audio recording of all hearings/trials rendered on January 16, 2020,

ability to later urge that request." Accordingly, the Garcias' request for attorneys' fees remains outstanding. Furthermore, the order on its face unequivocally states that it does not finally dispose of all claims. *See In re Elizondo*, 544 S.W.3d 824, 827-828 (2018) (per curiam) (analyzing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205-06 (Tex. 2001), and holding that judgment containing unambiguous finality phrase, which stated that judgment was final and appealable and disposed of all claims and parties, operated as final judgment, and finality phrase must be taken at face value even if all claims are not actually disposed of).

There is no indication that a final judgment is imminent. As a general rule, a party may only appeal from a final judgment. *Lehmann*, 39 S.W.3d at 195. Accordingly, we grant the Garcias' motion and dismiss the appeal without prejudice to refiling after the trial court issues an order disposing of the remaining claim for attorneys' fees. *See* Tex. R. App. P. 42.3(a).

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Kelly, and Smith

Dismissed for Want of Jurisdiction

Filed: April 24, 2020

---

by the County Courts for Williamson County, Texas, in Cause No. 17-1299-CC2-4: Styled Marlonia Ivy v. Victor Garcia and Wanda Garcia."